IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANNET JAIMES ) | |
| ) | Civil Action No. |
|   Plaintiff, ) | |
| v. ) | |
| ) | |
| TITLEMAX OF GEORGIA, INC. ) | JURY TRIAL DEMANDED |
| ) | |
|   Defendant. ) | |
| ) | |
| _____ ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Jannet Jaimes ("Plaintiff" or "Jaimes"), through undersigned counsel, and files this lawsuit against Defendant TitleMax of Georgia, Inc. ("Defendant" or "TitleMax"), and for her Complaint shows the following:

### I.  Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's failure to pay federally

mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a Georgia corporation and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.  Parties and Facts

5.

Plaintiff was employed by Defendant from August 4, 2014 to January 26, 2016. From August 2014 until July 2015, Plaintiff's job title was "customer service representative". From July 2015 to January 2016, Plaintiff's job title was "assistant store manager". Throughout Plaintiff's employment, Defendant treated Plaintiff as

non-exempt from the overtime requirements of the FLSA and paid her on an hourly basis.

6.

Apart from a roughly a two month period in May - July 2015, in which Plaintiff worked in one of Defendant's Marietta, Georgia locations, Plaintiff worked in Defendant's Mableton, Georgia location.

7.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

Throughout Plaintiff's employment in the Mableton, Georgia location, Plaintiff was supervised by former TitleMax General Manager Mitchel Aaron ("Aaron"). Throughout Plaintiff's employment in Defendant's Mableton office, Plaintiff regularly worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours worked over (40) in such weeks.

9.

During Plaintiff's employment, Aaron entered Defendant's timekeeping system and changed Plaintiff's personally recorded work hours downward to avoid

the payment of overtime compensation to Plaintiff for hours she worked in excess of (40) in workweeks.

10.

During Plaintiff's employment, Defendant, via the actions of its supervisory employee Aaron, required Plaintiff to work off the clock to avoid the payment of overtime compensation to Plaintiff for hours she worked in excess of (40) in workweeks.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

13.

Defendant maintained a policy of requiring Plaintiff to work off the clock.

14.

Defendant is an "employer" within the definition of the FLSA, 29 U.S.C. §203(d).

15.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

16.

Defendant failed to keep accurate time records for all hours worked by Plaintiff during her employment at Defendant's Mableton, Georgia location.

17.

Plaintiff is entitled to overtime pay for the hours she worked over (40) in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, <u>et seq</u>. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff has suffered lost wages.

## **Count I**

### **Violation of the Overtime Wage Requirement of the Fair Labor Standards Act**

18.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

19.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

20.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

21.

Defendant suffered or permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

22.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

23.

Defendant knew, or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

24.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

25.

Defendant's violations of the FLSA were willful and in bad faith.

26.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment

   interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D) Grant Plaintiff leave to add additional state law claims if necessary; and

(E) Award Plaintiff such further and additional relief as may be just and appropriate.

This 3rd day of March, 2016.

         **BARRETT & FARAHANY**

         /s/ V. Severin Roberts
         V. Severin Roberts
         Georgia Bar No. 940504
         Attorney for Plaintiff Jannet Jaimes

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile